NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 5 2026

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

ABELFATAH ELLAWENDY,

Plaintiff - Appellant,

v.

DANIEL DRISCOLL, in his official capacity as Secretary, Department of the Army,

Defendant - Appellee.

No. 25-5661

D.C. No.
3:24-cv-00265-WHO

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
William Horsley Orrick, District Judge, Presiding

Submitted July 31, 2026[**]

Before: WARDLAW, BADE, and JOHNSTONE, Circuit Judges.

Abdelfatah Ellawendy appeals the district court's dismissal of his claims

against the Secretary of the Army, Daniel Driscoll, arising out of his resignation

from the Department of the Army's Defense Language Institute Foreign Language

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Center ("DLIFLC"). This is Ellawendy's fourth lawsuit arising from these events.[1]

We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review the district court's decision to dismiss de novo. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 956 (9th Cir. 2002) ("We review de novo a district court's dismissal based on res judicata."); *Banks v. N. Trust Corp.*, 929 F.3d 1046, 1049 (9th Cir. 2019) ("We review de novo whether [a] district court should have dismissed [a] case under Rule 12(b)(1)."); *Talamantes v. Leyva*, 575 F.3d 1021, 1023 (9th Cir. 2009) ("We review the . . . dismissal of a case for failure to exhaust administrative remedies de novo."); *Palm v. Los Angeles Dep't of Water & Power*, 889 F.3d 1081, 1085 (9th Cir. 2018) ("We review an order granting a motion to dismiss for failure to state a claim de novo."). We review the district court's factual findings for clear error. *Talamantes*, 575 F.3d at 1023.

1.    The district court correctly dismissed Ellawendy's Title VII hostile

---

[1] The district court previously dismissed three separate suits in which Ellawendy brought claims arising from his resignation from the DLIFLC. *See Ellawendy v. Takagaki*, 646 F. Supp. 3d. 1153 (N.D. Cal. 2022) ("*Ellawendy I*"), *aff'd*, No. 22-16980, 2025 WL 1419722 (9th Cir. May 16, 2025). Before the district court ruled in *Ellawendy I*, Ellawendy filed two related suits, *Ellawendy v. Wormuth*, 3:21-CV-06618 (N.D. Cal. Aug. 26, 2021) ("*Ellawendy II*") and *Ellawendy v. Wormuth*, 3:21-cv-08644 (N.D. Cal. Nov. 5, 2021) ("*Ellawendy III*"). In *Ellawendy II*, the district court dismissed some claims with prejudice, and Ellawendy withdrew all his remaining claims. *See Ellawendy II*, at Dkt. Nos. 45, 73. Ellawendy did not appeal the dismissal of *Ellawendy II*. As to *Ellawendy III*, the district court's dismissal of *Ellawendy I* resolved that case because the suits had been related. Accordingly, the only remaining action is this suit, *Ellawendy v. Wormuth*, 24-cv-00265 (N.D. Cal. Jan. 16, 2024) ("*Ellawendy IV*").

work environment claim ("Claim One") as barred by res judicata. Ellawendy raised almost identical claims in *Ellawendy I*; a final judgment on the merits was entered in that case; and the parties are identical. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 686 (9th Cir. 2005).

2.      The district court correctly dismissed Ellawendy's Title VII retaliation claim ("Claim Two") as barred by res judicata, for the same reason.

3.      The district court correctly dismissed Ellawendy's Whistleblower Protection Act ("WPA") claim ("Claim Three") for lack of subject matter jurisdiction because Ellawendy never presented that claim to the Merit Service Protection Board ("MSPB"), which has "exclusive original jurisdiction over [his] WPA claim." *See Kerr v. Jewell*, 836 F.3d 1048, 1058 (9th Cir. 2016). We affirm dismissal with denial leave to amend as to Claim Three but remand for modification of the judgment so that dismissal of Claim Three is without prejudice. *See Hampton v. Pac. Inv. Mgmt. Co. LLC*, 869 F.3d 844, 846 (9th Cir. 2017) ("Dismissals for lack of subject-matter jurisdiction . . . must be without prejudice, because a lack of jurisdiction deprives the dismissing court of any power to adjudicate the merits of the case."); *see also Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (affirming lack of subject matter jurisdiction and denial of leave to amend but remanding for dismissal without prejudice).

4. The district court correctly dismissed Ellawendy's Freedom of Information Act ("FOIA") claim ("Claim Four") because he failed to allege that he exhausted his administrative remedies or that exhaustion would be futile. *See Aguirre v. U.S. Nuclear Regul. Comm'n*, 11 F.4th 719, 728 (9th Cir. 2021).

5. The district court correctly dismissed Ellawendy's Privacy Act claim ("Claim Five") under 5 U.S.C. § 552(a) as barred by res judicata and the statute of limitations. Claim Five arises out of the same "nucleus of facts," as *Ellawendy I*; a final judgment on the merits was entered; and privity is satisfied. *See Mendoza v. Amalgamated Transit Union Int'l*, 30 F.4th 879, 887 (9th Cir. 2022); *Hells Canyon*, 403 F.3d at 686. Moreover, Claim Five is time-barred under the Privacy Act. *See* 5 U.S.C. § 552(g)(5).

6. The district court correctly dismissed Ellawendy's copyright infringement claim ("Claim Six") under 17 U.S.C. § 501 for lack of subject matter jurisdiction. Copyright claims against the United States must be filed in the Court of Federal Claims. 28 U.S.C. § 1498(b). Claim Six fails to satisfy the requirements for the jurisdictional exception under the Little Tucker Act. 28 U.S.C. § 1346; *see United States v. Park Place Assocs., Ltd.*, 563 F.3d 907, 927–28 (9th Cir. 2009); *see also Lake Mohave Boat Owners Ass'n v. Nat'l Park Serv.*, 78 F.3d 1360, 1365 (9th Cir. 1995). We affirm dismissal with denial of leave to amend as to Claim Six but remand for modification of the judgment so that

dismissal of Claim Six is without prejudice. *See Hampton*, 869 F.3d at 846; *Koster*, 847 F.3d at 656.

7. The district court correctly dismissed Ellawendy's Equal Protection Clause claim ("Claim Seven") as barred by res judicata. Res judicata is satisfied because Claim Seven arises out of the same "nucleus of facts" as *Ellawendy I*; a final judgment on the merits was entered; and privity is satisfied. *See Mendoza*, 30 F.4th at 887; *Hells Canyon*, 403 F.3d at 686. The district court correctly dismissed Ellawendy's California state law wrongful termination and constructive discharge claim ("Claim Eight") as barred by res judicata, for the same reasons already stated.

8. The district court correctly dismissed Ellawendy's claim that Defendants conducted an unconstitutional search under the Fourth Amendment, in violation of 18 U.S.C. § 242, ("Claim Nine"), on the ground that § 242 does not give rise to civil liability. *See Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006). Moreover, Claim Nine is barred by res judicata. *See Mendoza*, 30 F.4th at 887; *Hells Canyon*, 403 F.3d at 686.

9. The district court correctly dismissed Ellawendy's defamation claim ("Claim Ten") under 28 U.S.C. § 4101(1) as barred by res judicata. *See Mendoza*, 30 F.4th at 887; *Hells Canyon*, 403 F.3d at 686.

The parties shall bear their own costs on appeal.

**AFFIRMED AND REMANDED WITH INSTRUCTIONS.**[2]

---

[2] Ellawendy's motion for appointment of counsel (Dkt. No. 13) is **DENIED** as moot.